Iri this case the chancellor decided that where the wife pledges her separate estate, or the re-versionary interest in her real property, for the debt *of her husband, she is entitled to the ordinary rights and privileges of a surety; but that this principle does not apply to the case of the wife joining in a mortgage of the real estate of her husband for the purpose of barring her contingent right of dower therein. That, strictly speaking, the wife has no estate or interest in the lands of her husband during his life, which is capable of being mortgaged or pledged for the payment of his debt. That her joinder in the mortgage, therefore, merely operates by way of release or extinguishment of her future claim to dower as against the mortgagee, if she survives her husband; but without impairing her contingent right of dower in the equity of redemption. That in such a case she is not entitled to be endowed of the whole proceeds of the mortgaged premises, in case she survives her husband, but only of the surplus which remains after paying the mortgage debt and the costs of foreclosure. Report modified, without costs to either party as against the other upon the exceptions.